## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**JERRY L. BOYCE**                                                      **PETITIONER**

**VS.**                                    **2:23-CV-00150-JM-ERE**

**WARDEN GARRETT**                                            **RESPONDENT**

### RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

I.      **Summary**

Pending before the Court is a 28 U.S.C. § 2241 habeas corpus petition filed by Petitioner Jerry L. Boyce, who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. *Doc. 4*. Mr. Boyce challenges the validity of his conviction but fails to show that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, as required to collaterally attack his federal conviction

under § 2241. The Court therefore recommends that the petition be denied without prejudice for lack of jurisdiction.

## II.    Background

On May 30, 2018, Mr. Boyce pleaded guilty, in the Eastern District of Wisconsin, to two counts of completed and one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951; one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), predicated on the attempted Hobbs Act robbery; and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Boyce*, No. 2:18-cr-00029-JPS (E.D. Wisc.), *Docs. 15, 17, 28*. The court sentenced Mr. Boyce to 165 months in prison.[1] *Id. at Doc. 28*. He did not appeal.

On September 30, 2019, Mr. Boyce filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. *Id. at Doc. 32*; *Boyce v. United States*, No. 2:19-CV-01428-JPR, *Docs. 1-3*. He asserted only one claim for relief: that his § 924(c) conviction for brandishing a firearm during a crime of violence was no longer valid in light of *United States v. Davis*.[2] The

---

[1] Mr. Boyce was sentenced to concurrent 45 months terms on Counts 1, 3, 5, 7 and a consecutive 120 month term on Count 6, for a total sentence of 165 months.

[2] Section 924(c) authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" under two subsections—the "elements" or "force" clause, § 924(c)(3)(A), and the "residual clause," § 924(c)(4)(B). The elements clause incorporates any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property

2

sentencing court denied the motion as meritless.[3] *Id. at Doc. 4.* On January 11, 2021, the Seventh Circuit dismissed Mr. Boyce's appeal. *Id. at Doc. 16.*

On March 2, 2022, Mr. Boyce filed an application for authorization to file a second or successive § 2255 motion. *Boyce v. United States*, No. 22-1339, *Doc. 1* (7th Cir. March 2, 2022). He argued that the legal landscape had changed and noted that the Supreme Court had granted certiorari in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), to address whether attempted Hobbs Act robbery qualified as a "crime of violence" under § 924(c)(3)(A)'s elements clause. *Id. at 14, 15.*

The Seventh Circuit denied authorization to file a successive § 2255 motion, noting, "*Taylor* remains undecided." *Boyce v. United States*, No. 22-1339, *Doc. 2* (7th Cir. March 14, 2022).

On June 21, 2022, the Supreme Court issued its decision in *Taylor*, holding that attempted Hobbs Act robbery is not a "crime of violence" under § 924(c)(3)(A)'s elements clause. *United States v. Taylor*, 142 S. Ct. 2015, 2020

---

of another. The residual clause incorporates any felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court invalidated the residual clause as unconstitutionally vague.

[3] The sentencing court noted that *Davis* involved the residual clause of 924(c), but Mr. Boyce's attempted Hobbs Act robbery fell within the elements clause. Furthermore, the court rejected Mr. Boyce's argument that Hobbs Act robbery should not be considered a crime of violence, citing Seventh Circuit precedent.

(2022) ("Whatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause.").

On July 14, 2023, Mr. Boyce filed a § 2241 habeas petition in the Eastern District of Arkansas. *Doc. 1.* On July 31, 2023, he filed an amended petition, arguing that *Taylor* renders his § 924(c) conviction invalid. *Doc. 4.*

## III.   Discussion

The Court is required to conduct an initial review of a § 2241 habeas petition to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. When assessing a petition, the Court "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)). Also, the Court is "obligated to consider *sua sponte*" whether it has subject-matter jurisdiction. *Lee v. Sanders*, 943 F.3d 1145, 1148 (8th Cir. 2019).

Typically, collateral challenges to a federal conviction or sentence must be raised in a § 2255 motion filed in the sentencing court, rather than in a § 2241 habeas petition filed in the court of incarceration. *Jones v. Hendrix*, 143 S. Ct. 1857, 1863 (2023). A limited exception to this rule is found in the "saving clause" of § 2255(e). The "saving clause . . . allows an inmate to file a habeas petition if he shows that the

remedy by [a § 2255] motion . . . is inadequate or ineffective to test the legality of his detention." *Crayton v. United States*, 27 F.4th 652, 654-55 (8th Cir. 2022) (cleaned up). A petitioner may "seek relief under § 2241 if the petitioner shows he had no earlier opportunity to present his claims. If the petitioner fails to carry this burden, the petition must be dismissed for lack of subject matter jurisdiction." *Id. at 655* (citations omitted).

Importantly, a "§ 2255 motion is not 'inadequate or ineffective' merely because: (1) § 2255 relief has already been denied, (2) [the] petitioner has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) [the] petitioner has allowed the one year statute of limitations and/or grace period to expire." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (cleaned up). In other words, a petitioner cannot file a § 2241 habeas petition simply because he can no longer pursue relief under § 2255.

Mr. Boyce asserts that his remedy under § 2255 is inadequate to challenge his conviction and sentence because *Taylor* "was a statutory interpretation case and not new constitutional law" and "was decided after [his] first § 2255 [motion]." *Doc. 4 at 5*.

Mr. Boyce is correct on one point: *Taylor* did not announce a new rule of constitutional law. Instead, the Court parsed the relevant portion of the Hobbs Act and determined that a conviction for attempted Hobbs Act robbery does not require

that the defendant used, attempted to use, or threatened to use force against another person or his property. *Taylor*, 142 S. Ct. at 2020. However, Mr. Boyce is mistaken that the bar on successive petitions,[4] together with an intervening change in statutory interpretation, renders his remedy under § 2255 inadequate or ineffective.

Until recently, federal appellate courts were split on whether the savings clause permits a federal prisoner in Mr. Boyce's position to challenge his conviction under § 2241. See *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021) (citing cases and adopting what was the minority approach disallowing invocation of the saving clause). On June 22, 2023, the Supreme Court resolved the split and held that § 2255(e)'s saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones*, 143 S. Ct. at 1864. Instead, the saving clause preserves recourse to § 2241 only in cases where unusual circumstances make "it impossible or impracticable to seek relief from the sentencing court." *Id.* at 1866 (citing cases holding that the dissolution of a court would render § 2255 inadequate or ineffective).

---

[4] Under the Antiterrorism and Effective Death Penalty Act of 1996, second or successive § 2255 motions are barred unless they rely on "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2).

Thus, Mr. Boyce must pursue his challenge to his attempted Hobbs Act robbery conviction in the sentencing court, by requesting permission to file a successive § 2255 motion from the Court of Appeals for the Seventh Circuit.

## IV.   Conclusion

For the reasons set out above, the Court lacks subject matter jurisdiction under § 2241 to consider Mr. Boyce's challenge to the conviction and sentence imposed by the United States District Court for the Eastern District of Wisconsin.

IT IS THEREFORE RECOMMENDED THAT the petition for a writ of habeas corpus (*Doc. 4*) be DISMISSED, without prejudice.

Dated 20 September 2023.

_____

UNITED STATES MAGISTRATE JUDGE